FILED

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

15 JAN 30 PM 1:49

| United States District Court | District: Middle District |
|---|---|
| Name (under which you were convicted):<br>JUSTIN COLLIBEE | MIDDLE DIST ... FLORIDA<br>FT. MY ...<br>Docket or Case No.:<br>(To Be Supplied) |
| Place of Confinement: Moore Haven Correctional Facility<br>P.O. Box 719001, Moore Haven, FL 33471 | Prisoner No.:<br>Y42844 |
| Petitioner (name under which you were convicted)<br>JUSTIN COLLIBEE  v. | Respondent (authorized person having custody of petitioner)<br>MICHAEL CREWS, SECRETARY FLORIDA D.O.C. |
| The Attorney General of the State of: Florida (The Honorable Pamela Jo Bondi) ||

## PETITION

2:15-cv-55-FtM-38DNF

1. (a) Name and location of court that entered the judgment of conviction you are challenging: <u>Circuit Court, Twentieth Judicial Circuit, In and for Collier County, Florida.</u>

   (b) Criminal docket or case number (if you know): <u>2007-CF-001553-A.</u>

2. (a) Date of the judgment of conviction (if you know): <u>December 17, 2009.</u>

   (b) Date of sentencing: <u>February 11, 2010..</u>

3. Length of sentence: <u>15 years.</u>

4. In this case were you convicted on more than one count or of more than one crime? ☐ Yes  ☑ No

5. Identify all crimes of which you were convicted and sentenced in this case: <u>Aggravated Child Abuse.</u>

6. (a) What was your plea? (Check one)

   ☑ (1)  Not guilty       ☐ (3)  Nolo contendere (no contest)
   ☐ (2)  Guilty           ☐ (4)  Insanity plea

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? <u>N/A.</u>

   (c) If you went to trial, what kind of trial did you have? (Check one)
   ☑  Jury       ☐  Judge Only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?
   ☑  Yes       ☐  No

8. Did you appeal from the judgment of conviction?
   ☑  Yes       ☐  No

9. If you did appeal, answer the following:

   (a) Name of court: <u>Second District Court of Appeal</u>.
   (b) Docket or case number (if you know): <u>2D10-767</u>.
   (c) Result: <u>Affirmed Per Curiam</u>.
   (d) Date of result (if you know): <u>March 16, 2011</u>.
   (e) Citation to the case (if you know): <u>72 So.3d 755(Fla. 2d DCA 2011)</u>.
   (f) Grounds raised: <u>Trial court committed reversible error when it denied Appellant's judgment of acquittal. The Trial Court erred when it refused to define for the jury (declining the jury's request for instruction) the essential elements of "knowingly" and "intentionally" as used in the information.</u>
   (g) Did you seek further review by a higher state court? ☐ Yes   ☒ No
   (h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes   ☒ No

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court: <u>Second District Court of Appeal</u>.
       (2) Docket or case number (if you know): <u>2D12-1345</u>
       (3) Date of filing (if you know): <u>March 14, 2012</u>.
       (4) Nature of the proceeding: <u>Petition alleging Ineffective Assistance of Appellate Counsel</u>.
       (5) Grounds raised: <u>Appellant was deprived effective assistance of appellate counsel when it failed to address a sentencing issue apparent from the face of the record; Appellant was deprived effective assistance of appellate counsel when it failed to argue that the court erred by allowing the state's expert witness improper testimony.</u>
       (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
           ☐ Yes   ☒ No
       (7) Result: <u>Petition Denied</u>.
       (8) Date of result: <u>April 10, 2012</u>.
       (9) Citation to the case: <u>90 So.3d 284</u>
   (b) If you filed any second petition, application, or motion, give the same information:

       (1) Name of court: <u>Circuit Court, Twentieth Judicial Circuit, Collier County, Florida.</u>

       (2) Docket or case number (if you know): <u>11-2007-CF-02553-A.</u>
       (3) Date of filing (if you know): <u>October 16, 2012</u>.
       (4) Nature of the proceeding: <u>Motion for postconviction relief (Rule 3.850, Fla. R. Crim. P.)</u>
       (5) Grounds raised: CLAIM I: TRIAL COUNSEL WAS INEFFECTIVE FOR PRESENTING A NOVEL,IF NOT MERITLESS, THEORY OF DEFENSE WHILE, REJECTING WITHOUT PROPER INVESTIGATION OR PREPARATION, AN OPEN AND OBVIOUS LINE OF DEFENSE THAT ENJOYED SUBSTANTIAL RECORD SUPPORT;CLAIM II: TRIAL COUNSEL'S FAILURE TO EFFECTIVELY CROSS EXAMINE AND IMPEACH MICHELLE MURPHY AT TRIAL; CLAIM III: TRIAL COUNSEL'S FAILURE TO OBJECT TO AND PRESERVE THE RECORD REGARDING THE STATE'S IMPROPER CROSS EXAMINATION OF DR. USCINSCI; CLAIM IV: THE DEFENDANT WAS DENIED A FAIR TRIAL DUE TO PROSECUTORIAL MISCONDUCT, INCLUDING THE STATE'S KNOWING PRESENTATION OF FALSE OR MISLEADING EVIDENCE.

       (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
           ☐ Yes   ☒ No

       (7) Result: <u>Summarily denied upon court's adoption and incorporation of state's response.</u>

    (8) Date of result: <u>November 20, 2013</u>.
   (c) If you filed any third petition, application, or motion, give the same information:

  (1) Name of court: <u>Second District Court of Appeal</u>.
  (2) Docket or case number (if you know): <u>2D13-5736.</u>
  (3) Date of filing (if you know): <u>On or about July 25, 2014.</u>
  (4) Nature of the proceeding: <u>Appeal of the denial of Motion for postconviction relief (3.850)</u>.
  (5) Grounds raised: <u>**Issue I:** The Post-conviction court committed reversible error denying Appellant's claim that trial counsel was ineffective for presenting a novel, if not meritless theory of defense, while rejecting, without proper investigation or preparation, an open and obvious line of defense that enjoyed substantial record support; **Issue II:** Appellant was denied a fair trial due top prosecutorial misconduct, including the state's knowing presentation of false or misleading evidence.</u>

  (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
     ☐ Yes  ☑ No

  (7) Result: <u>Affirmed *Per Curiam*</u>.
  (8) Date of result: <u>November 19, 2014</u>
  (9) Citation to the case: 2014 Fla. App. LEXIS 18812

  (d) If you filed any fourth petition, application, or motion, give the same information:

  (1) Name of court: <u>Circuit Court, Twentieth Judicial Circuit, Lee County, Florida.</u>
  (2) Docket or case number (if you know): <u>2007-CF-02553-A.</u>
  (3) Date of filing (if you know): <u>Unknown</u>.
  (4) Nature of the proceeding: <u>Second or Successive Motion for post-conviction relief.</u>
  (5) Grounds raised: <u>Counsel failed to challenge two venire members for cause.</u>
  (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
     ☐ Yes  ☑ No

  (7) Result: <u>Denied</u>.
  (8) Date of result: <u>July 1, 2014.</u>
  (e) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:    ☑ Yes  ☐ No
    (2) Second petition:  ☑ Yes  ☐ No
    (3) Third petition:    ☑ Yes  ☐ No
    (4) Fourth petition:  ☐ Yes  ☑ No

  (f) If you did not appeal to the highest state court having jurisdiction, explain why you did not: Procedurally barred. Beyond court's jurisdictional time limits.

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:**

> GROUND ONE: THE STATE COURT VIOLATED PETITIONER'S DUE PROCESS RIGHTS AND HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS OF THE US CONSTITUTION

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) This ground was raised in the State Court proceedings as Ground One of Petitioner's Rule 3.850 Motion for Postconviction Relief.

(c) Defense counsel's performance was deficient and fell below a reasonable standard of competent counsel. Petitioner asserts that the adjudication of his claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding, including but not limited to Strickland v. Washington, 466 US 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Trial counsel was ineffective for presenting a novel, if not meritless theory of defense, while rejecting, without proper investigation or preparation,

> Petitioner asserts a violation of his Fifth, Sixth, and Fourteenth Amendment rights as guaranteed by the United States Constitution. He is entitled to a new trial, or an evidentiary hearing is warranted.

Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding, including but not limited to Strickland v. Washington, 466 US 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Petitioner asserts a violation of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights as guaranteed by the U.S. Constitution. He is entitled to a new trial, or an evidentiary hearing is warranted.

**End of Ground One**

(b) If you did not exhaust your state remedies on Ground One, explain why: <u>Exhausted in State Court.</u>

(c) **Direct Appeal of Ground One:** N/A

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: Issue not cognizable on Direct Appeal

(d) **Post-Conviction proceedings:**

(1) Did you raise this issue through a post-conviction motion in a state trial court? ☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 3.850 Motion for postconviction relief.

Name and location of the court where the motion or petition was filed: Circuit Court, Twentieth Judicial Circuit, In and for Collier County, Florida.

Docket or case number (if you know): 2007- CF-002553-A.

Date of the court's decision: October 16, 2012.

Results (attach a copy of the court's opinion or order if available): Attached.

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the motion or petition was filed: Second District Court of Appeal.

Docket or case number (if you know): 2D10-767.

Date of the court's decision: March 16, 2011.

Result (attach a copy of the court's opinion or order if available): Attached Affirmed Per Curiam.

(e) **Other remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: None.

**GROUND TWO:**

> PETITIONER WAS DENIED HIS SIXTH AND FOURTH AMENDMENT RIGHTSGROUND TWO: WHETHER THE DEFENDANT WAS DENIED A FAIR TRIAL DUE TO PROSECUTRIAL MISCONDUCT, INCLUDING THE STATE'S KNOWING PRESENTATION OF FALSE OR MISLEADING EVIDENCE

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) This ground was raised in the State Court proceedings as Ground Four of Petitioner's Rule 3.850 Motion for Postconviction Relief.

(c) Defense counsel's performance was deficient and fell below a reasonable standard of competent counsel. Petitioner asserts that the adjudication of his claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding, including but not limited to <u>Strickland v. Washington</u>, 466 US 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Trial counsel was ineffective for presenting a novel, if not meritless theory of defense, while rejecting, without proper investigation or preparation.

Petitioner asserts that the adjudication of his claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding, including but not limited to <u>Strickland v. Washington</u>, 466 US 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Petitioner asserts a violation of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights as guaranteed by the U.S. Constitution. He is entitled to a new trial, or an evidentiary hearing is warranted.

**End of Ground Two**

(b) If you did not exhaust your state remedies on Ground Two, explain why: <u>Exhausted in State Court.</u>

   (c) **Direct Appeal of Ground Two:** N/A

      (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

      (2) If you did not raise this issue in your direct appeal, explain why: Florida case law from Appellant's district ruled issue normally raised in post-conviction proceedings (see Memorandum of Law.)

   (d) **Post-Conviction proceedings:**

      (1) Did you raise this issue through a post-conviction motion in a state trial court? ☒ Yes ☐ No

      (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: <u>Rule 3.850 Motion for postconviction relief.</u>

Name and location of the court where the motion or petition was filed: <u>Circuit Court, Twentieth Judicial Circuit, in and for Collier County, Florida.</u>

Docket or case number (if you know): 11-2007-CF-002553-A.

Date of the court's decision: November 20, 2013.

Result (attach a copy of the court's opinion or order if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the motion or petition was filed: Second District Court of Appeal.

Docket or case number (if you know): 2D13-5736.

Date of the court's decision: November 20, 2014.

Result (attach a copy of the court's opinion or order if available): Affirmed Per Curiam.

(e) **Other remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: None.

### END OF ALL GROUNDS

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☐ Yes  ☒ No

    (a) Is there any ground in this petition that has not been presented in some state or federal court? Yes.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?  ☐ Yes  ☒ No

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☒ No

16. Give the name and address of each attorney that represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: Public Defender, 20th Judicial Circuit, Collier County, FL.

    (b) At arraignment and plea: Joshua J. Faett (and) Rexford Darrow 4280 East Tamiami Tr. Suite 10 Naples, Fl. 34112

    (c) At trial: Joshua J. Faett (and) Rexford Darrow 4280 East Tamiami Tr. Suite 10 Naples, Fl. 34112

(d) At sentencing: Joshua J. Faett (and) Rexford Darrow 4280 East Tamiami Tr. Suite 10 Naples, Fl. 34112.

(e) On appeal: Ricardo R. Pesquera, 1137 Edgewater Dr., Orlando, Fl. 32804

(f) In any post-conviction proceeding: Mark Mesner, 2650 Airport Rd. South, Suite H, Naples, Fl. 34112

(g) At the post-conviction evidentiary hearing: N/A.

(h) On appeal from any ruling against you in a post-conviction proceeding: pro-se.

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☑ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition? Direct appellate review and postconviction proceedings tolled the time for filing the instant petition as the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation pursuant to 28 U.S.C. § 2244(d)(2). Direct appellate review, as well as a 3.800(a) Motion to Correct an Illegal Sentence/Jail Time Credit at the Trial and Appellate Courts, tolled the time for filing the instant petition

Therefore, Petitioner asks that the Court grant the following relief: Grant Petitioner a new trial, or an evidentiary hearing is warranted with appointment of conflict-free counsel.

Dated: January 26, 2015.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on January 26, 2015.

Executed (signed) on  1-26-2015  (date)

*Justin Collibee*
Signature of Petitioner

The person signing this document is the Petitioner.